UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANOTHER PLANET ENTERTAINMENT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIGILANT INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 20-cv-07476-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

Vigilant's motion to dismiss is granted. For the reasons explained in the Court's previous order (Dkt. No. 34), Another Planet does not have a claim for loss of business income because the closure orders—and not virus's alleged presence at Another Planet's facilities—caused it to shut down. The Court's previous order also precludes Another Planet's renewed claim for civil authority coverage because it remains clear that those closure orders were not passed as a direct result of property damage at nearby properties. It's true, as Another Planet notes, that a "whereas" clause in a directive from the State of Nevada dated April 29, 2020—which appears designed to allow some businesses to reopen after the initial closures—makes reference to the virus's ability "to survive on surfaces for indeterminate periods of time render[ing] some property unusable and contribut[ing] to contamination, damage, and property loss." That language may raise interesting questions about what's happening in the halls of Nevada's executive branch, but it still does not suggest that closure orders were passed "as a direct result" of the virus having caused actual property damage at buildings close to Another Planet's

facilities (or anyone else's facilities for that matter).[1]

Another Planet raises a new claim for coverage under a building and personal property provision, but the claim is no stronger than its other ones. Coverage requires Vigilant to pay for "direct physical loss or damage" to an insured's "buildings or personal property." But Another Planet's complaint does not ask for payment for direct physical loss or damage caused by the virus. Instead, it describes damages arising from "lost profits, lost commissions, and lost business opportunities," all of which result from its inability to use its venues due to the closure orders. Thus, Another Planet has not adequately pled damage for a breach-of-contract claim involving this provision.

The case is dismissed with prejudice because amendment would be futile. Judgment will be entered in favor of the defendant, and the Clerk's Office is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 21, 2021

VINCE CHHABRIA
United States District Judge

---

[1] Another Planet also brings various fraud claims, but they fail for similar reasons. Since the closure orders caused Another Planet's shutdown, any reliance on Viligant's alleged misrepresentations regarding whether the policy covers direct physical loss or damage from a virus could not have harmed Another Planet.