**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANOTHER PLANET ENTERTAINMENT, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> VIGILANT INSURANCE COMPANY, <br><br> Defendant-Appellee. | No. 21-16093 <br><br> D.C. No. 3:20-cv-07476-VC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 9, 2022
Submission Withdrawn December 28, 2022
Resubmitted July 22, 2024
San Francisco, California

Before: BEA, CHRISTEN, and MILLER, Circuit Judges.**

Another Planet Entertainment, LLC, appeals the district court's order

granting Vigilant Insurance Company's motion to dismiss pursuant to Federal Rule

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Judge Miller was drawn at random to replace Judge Ikuta. Judge Miller has reviewed the briefs, the record, and the recording of oral argument.

of Civil Procedure 12(b)(6).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We assume the parties' familiarity with the facts and recite them only as necessary.  We asked the California Supreme Court to answer a certified question because we concluded that resolution of this question of California law "could determine the outcome of a matter pending in [this] court," and "[t]here is no controlling precedent" from the California Supreme Court.  Cal. R. Ct. 8.548(a).  We stayed this appeal pending the California Supreme Court's answer.  On May 23, 2024, the California Supreme Court answered the certified question, *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 548 P.3d 303 (Cal. 2024), and we now affirm the district court's order dismissing Another Planet's complaint.

    1.  The California Supreme Court's response resolves this appeal in favor of Vigilant.  Another Planet's entire appeal turns on whether the COVID-19 virus can cause "direct physical loss or damage" to property within the meaning of the insurance provisions under which it seeks coverage.  The certified question was: "Can the actual or potential presence of the COVID-19 virus on an insured's premises constitute 'direct physical loss or damage to property' for purposes of coverage under a commercial property insurance policy?"  *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730, 734 (9th Cir. 2022).  The California Supreme Court answered: "No, the actual or potential presence of COVID-19 on an insured's premises generally does not constitute direct physical loss or damage

2

to property within the meaning of a commercial property insurance policy under California law." *Another Planet Ent.*, 548 P.3d at 308. That is because "direct physical loss or damage to property requires a distinct, demonstrable, physical alteration to property" that "must result in some injury to or impairment of the property as property." *Id.* at 307. Applying this principle, we conclude that Another Planet failed to allege "direct physical loss or damage" necessary to state a claim for loss of business income.

    2. Another Planet has forfeited its argument that the district court erred in dismissing its claims of bad faith and fraud by failing to "specifically and distinctly argue the issue in [its] opening brief." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

    3. In light of the California Supreme Court's response, the district court did not err when it denied Another Planet leave to amend its complaint a second time on the ground that further amendment would be futile. "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (citations omitted). We recognize that the California Supreme Court's response does not categorically preclude coverage for property damage and other losses caused by the COVID-19 virus. *See Another Planet Ent.*, 548 P.3d at 328 ("[W]e cannot and do not decide whether the COVID-19 virus can

3

*ever* constitute direct physical loss or damage to property . . . ."). Nevertheless, Another Planet's allegations must meet the definition of direct physical loss or damage to property under California law. *Id.*; *see also id.* at 307. Another Planet contends in a conclusory fashion that, in repleading, it would "focus on the issues of persistence and remediation," but the California Supreme Court's response makes clear that mitigation efforts are not reimbursable without underlying loss or damage to property. *Id.* at 330. Another Planet fails to state what additional facts it would plead to cure this deficiency in its allegations. Accordingly, amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008).

**AFFIRMED.**

4